# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KEITH ROBINSON,** | )<br>) |
| Petitioner, | ) Case No. 7:17CV00345<br>) |
| v. | ) **OPINION**<br>) |
| **WARDEN OF LEE COUNTY PENITENTIARY,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Respondent. | ) |

*Keith Robinson, Pro Se Petitioner.*

The petitioner, Keith Robinson, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory life sentence under 21 U.S.C. § 848(b) for operating a continuing criminal enterprise ("CCE"). After review of the record, I will summarily dismiss the Petition.[1]

I.

Section 848(b) requires a life sentence on a CCE conviction if the defendant was a leader or organizer of the CCE and his offense conduct "involved at least

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), "[i]f it plainly appears from the [face of a § 2241] petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner."

300 times the quantity of a substance described in subsection 841(b)(1)(B)." 21 U.S.C. §§ 848(b)(1) and (2). After a jury in the United States District Court for the Eastern District of Wisconsin found Robinson guilty of a CCE offense, the trial judge found that

> Robinson satisfied § 848(b)(1) as a principal organizer and leader of the enterprise and § 848(b)(2)(A) because he was involved in trafficking at least 10 kilograms of crack cocaine (well in excess of the quantity required to trigger the statute). As called for by § 848(b), [the judge] sentenced Robinson to life in prison.

*United States v. Hardin*, 209 F.3d 652, 655 (7th Cir. 2000), *cert. granted and judgment vacated sub nom. Robinson v. United States*, 531 U.S. 1135 (2001).[2]

Ultimately, the judgment against Robinson was affirmed on appeal. *See United States v. Robinson*, 39 F. App'x 386 (7th Cir. 2002) (unpublished), *cert. denied*, 537 U.S. 963 (2002) and *cert. denied sub nom. Sallis v. United States*, 540 U.S. 931 (2003). In its ruling, the court of appeals reaffirmed its prior holding that "§ 848(b) was a sentencing factor, not an element of the charge which had to be set out in the indictment and proved beyond a reasonable doubt to a jury." *Id.* at 387 (citing *United States v. Harris*, 243 F.3d 806 (4th Cir. 2001) and other circuit court

---

[2] The United States Court of Appeals for the Seventh Circuit initially affirmed Robinson's judgment in 2000, and the Supreme Court remanded the case for reconsideration in light of its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

cases reaching same conclusion).³ Robinson then filed an unsuccessful motion seeking relief under 28 U.S.C. § 2255 that was dismissed as procedurally defaulted, because he could have, but failed to raise the issues on appeal. Order at 3, *Robinson v. United States*, No. 2:03-cv-000901-LA (E.D. Wis. May 31, 2006).

In his present § 2241 petition, Robinson again claims that his life sentence under 21 U.S.C. § 848(b) is unlawful, because the necessary factual issues for this enhancement were not charged in the Indictment and decided beyond a reasonable doubt by the jury. According to Robinson, if he had been informed before trial that if convicted, he would be sentenced to a mandatory life sentence, he would have pleaded guilty. His current claims rest on a Supreme Court decision issued after his initial § 2255 proceedings: *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that under the Sixth Amendment, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and overruling *Harris*, 536 U.S. 545). Robinson also contends that his sentence under § 848(b) was imposed without due process and constituted cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments.

II.

A district court may not entertain a § 2241 petition challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant

---

³ During the course of Robinson's direct appeal proceedings, the *Harris* decision was affirmed by *Harris v. United States*, 536 U.S. 545 (2002).

to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings claus"); *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has concluded that

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Robinson's claims do not meet this three-prong standard. First, neither *Alleyne* nor any other authority cited in Robinson's petition decriminalized the acts for which he was convicted. Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence[s]." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *Jones*, 226 F.3d at 333-34 as identifying only circumstances when "§ 2255 is inadequate and ineffective to test the legality of a *conviction*"). Thus, Robinson cannot satisfy the second prong of the "inadequate and ineffective" analysis in *In re Jones*. In addition, "[b]ecause *Alleyne* is a constitutional rule," he also cannot

meet the third prong of the analysis. *Abbott v. United States*, No. 2:13CV473, 2014 WL 12527697, at *2 (E.D. Va. Jan. 10, 2014), *aff'd*, 573 F. App'x 263 (4th Cir. 2014) (unpublished). Accordingly, I conclude that Robinson's claims challenging his sentence do not fall under the savings clause of § 2255(e) and thus cannot be addressed under § 2241.

III.

For the stated reasons, I conclude that Robinson's § 2241 petition must be summarily dismissed.[4]

A separate Final Order will be entered herewith.

DATED: October 23, 2017

/s/ James P. Jones
United States District Judge

---

[4] In June 2016, the Seventh Circuit granted Robinson's application, through counsel, to file a second or successive § 2255 motion. That motion is currently pending in the United States District Court for the Eastern District of Wisconsin, Case No. 2:98-cr00060-LA-1/2:16-cv-00999-LA. In that case, Robinson claims that his sentence involved a misapplication of the Career Offender provision of the sentencing guidelines. Given the pendency of this counseled § 2255 motion, I decline to construe Robinson's petition in this court as a § 2255 motion.